UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENT BELL, | Civil Action No. 16-0022 (SDW) |
| **Plaintiff,** | |
| v. | OPINION |
| EDWARD P. MCGETTIGAN, et al, | |
| **Defendants.** | |

**WIGENTON**, District Judge:

Currently before this Court is the complaint of Plaintiff, Kent Bell. (ECF No. 1). As this Court has granted Plaintiff *in forma pauperis* status, this Court is required to screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must dismiss Plaintiff's claims if they are frivolous, malicious, fail to state a claim for relief, or seek damages from a defendant who is immune. For the reasons set forth below, this Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim for which relief can be granted.

**I. BACKGROUND**

Plaintiff, Kent Bell, is currently a state pre-trial detainee and is confined in the Bergen County Jail. (ECF No. 1 at 2-3). Plaintiff seeks to raise the following claim against all Defendants: that Defendants "violated [his] 8th Amendment [right to be free from] cruel & unusual punishment by allowing [Plaintiff] to stay in prison for 102 days after [his] conviction was reversed & remanded [to the trial court] on December 17, 2014." (*Id.* at 4-7). Plaintiff provides only the following additional details: "all of the named defendants . . . knew of my

1

reversal & remand through my correspondence and collectively ignored my 8th Amendment [rights] and procedural law.  My reversal and remand was on December 17, 2014, [yet Plaintiff remained] in prison until March 30, 2015." (*Id.* at 7).  As Defendants, Plaintiff names Edward P. McGettigan, whom Plaintiff identifies as the "attorney general of the state of N.J.,"[1] Louis Acevado, Plaintiff's public defender; Christopher Holmes, pled as the administrator of South Woods State Prison; John L. Molinelli, who was the Bergen County Prosecutor during the events about which Plaintiff complains; and Judge Edward A. Jerejian of the Superior Court of New Jersey for Bergen County.  (*Id.* at 5-6).  Plaintiff provides no further facts in his complaint.

## II. DISCUSSION

### A. Legal Standard

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), or seeks damages from a state employee, *see* 28 U.S.C. § 1915A.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is a state pretrial detainee who is seeking redress from governmental employees who has been granted *in forma pauperis* status.

---

[1] Edward P. McGettigan appears to be the name of the Atlantic County Clerk.  It is thus unclear if this is also the name of a deputy attorney general somehow involved in this case, if Petitioner instead meant to name the current acting attorney general of New Jersey, or if Plaintiff somehow contends the county clerk should have provided him with release from prison.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

**B. Analysis**

Plaintiff attempts to raise a claim pursuant to 42 U.S.C. § 1983 for a violation of his Eighth Amendment rights based on the one hundred day period following the remand of his criminal case that he remained in prison prior to being returned to pre-trial detention.  "To establish a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right protected by the Constitution or laws of the United States that was committed by a person acting

---

[2] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

under the color of state law." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *see also Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013) (section 1983 provides "private citizens with a means to redress violations of federal law committed by state [actors]"). "The first step in evaluating a section 1983 claim is to 'identify the exact contours of the underlying right said to have been violated' and to determine 'whether the plaintiff has alleged a deprivation of a constitutional right at all.'" *Nicini*, 212 F.3d at 806 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 841 n. 5 (1998)).  Here, Petitioner appears to be attempting to raise a claim that Defendants did not act to transfer him out of prison immediately upon the reversal and remand of his conviction by the New Jersey courts.  While it is true that a criminal defendant may have a constitutional claim for violations of his Eighth Amendment right to be free of cruel and unusual punishment where he is detained beyond the term authorized by his conviction, *see Montanez v. Thompson*, 603 F.3d 243, 250 (3d Cir. 2010); *see also Sample v. Diecks*, 885 F.2d 1099, 1107-08 (3d Cir 1989), here Plaintiff does not provide sufficient factual information to show that this is, indeed, the harm he has suffered.

      Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff set forth "a short and plain statement of the claim showing that a pleader is entitled to relief."   While the rule does not required detailed factual allegations, a plaintiff must, to comply with the rule provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A plaintiff must therefore at least "give the defendants fair notice of what the . . . claim is and the grounds upon which it rests" to state a claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citation omitted).  In order to state a claim under § 1983 or its federal analogue, a plaintiff must "plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  Under the statute,

supervisors cannot be held liable under vicarious theories of liability, and instead can only be held liable where they had personal involvement in the alleged violations either by "with deliberate indifference to the consequences, establish[ing] and maintain[ing] a policy, practice or custom which directly caused [a] constitutional harm," or "participat[ing] in violating the plaintiff's rights, direct[ing] others to violate them, or, as the person in charge, ha[ving] knowledge of and acquiesce[ing] in his subordinates violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004); *see also Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316-320 (3d Cir. 2014); *Queer v. Westmoreland Cnty.*, 296 F. App'x 290, 295 (3d Cir. 2008); *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

      Here, Plaintiff pleads no facts which directly connect the named Defendants to Plaintiff's alleged over-length stay in prison other than to say that each knew he was in prison after an unspecified remand order, presumably either from the New Jersey Appellate Division or a court hearing a collateral attack on Plaintiff's unspecified conviction, and did nothing to see him released. Plaintiff does not even plead how each Defendant could have provided Plaintiff release, or the exact circumstances that allegedly require his release.[3]  Plaintiff therefore fails to detail how each of the Defendants actually harmed him in more than a conclusory fashion. As such, Plaintiff has failed to meet the pleading standards set by Rule 8 of the Federal Rules of

---

[3] Given the fact that Plaintiff has returned to pre-trial detention status, it appears that, after his remand, Plaintiff was not released but simply transferred back to county jail.  Thus it is entirely possible under the facts at hand that Plaintiff was not even entitled to release, but only to transfer back to county jail, and his continued detention alone would therefore be insufficient to state a claim.  This, however, is not clear based on the few pled facts.

Civil Procedure, and has in turn failed to state a claim for relief. Plaintiff's complaint must therefore be dismissed without prejudice at this time.[4]

### III. CONCLUSION

For the reasons stated above, Plaintiff's complaint shall be dismissed without prejudice in its entirety for failure to state a claim for which relief may be granted. An appropriate order follows.

February 3, 2016                                                                *s/ Susan D. Wigenton*
                                                                                Hon. Susan D. Wigenton,
                                                                                United States District Judge

---

[4] This Court also notes that several of the named Defendants would most likely be immune from suit under § 1983 assuming Plaintiff alleges they were acting as public defenders, judges, and prosecutors when they allegedly harmed him. *See, e.g., Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007) (judges immune from suit for the performance of their duties); *Walker v. Pennsylvania*, 580 F. App'x 75, 78 (3d Cir. 2014) (public defenders immune from suit under § 1983 when acting in their capacity as court appointed counsel); *LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012) (prosecutors immune from suit when acting within the scope of their duties in initiating and pursuing criminal prosecution). The lack of factual allegations in Plaintiff's complaint prevents a full evaluation of the immunity issue at this time, however.